WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel A. Martinez, | No. CV 06-0420-PHX-EHC (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Yuma County, et al., | |
| Defendants. | |

Plaintiff filed this Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on February 8, 2006, alleging violations of his constitutional rights (Doc. # 1). Presently pending before the Court is Defendant Steve Linde's Motion to Dismiss for Lack of Prosecution and the remaining Defendants' joinders to the motion (Doc. ## 44-46). The Court will grant the motion and dismiss this action without prejudice.

Defendants aver that Plaintiff has failed to respond to any discovery request, has failed to appear for his deposition, and has not provided any disclosure. Plaintiff's counsel responded to the motion, stating that they have been unable to reach the Plaintiff and do not currently have any way of reaching him.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff to keep the Court apprised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court

apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*).  If the Court were to order Plaintiff to show cause why dismissal was not warranted, the Order "would only find itself taking a round trip through the United States mail." Id.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to respond to Defendants' discovery requests, appear for his deposition, provide disclosure, or keep his counsel updated on his address precludes the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile.

1        The Court finds that only one less drastic sanction is realistically available. Rule
2   41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
3   merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
4   the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint
5   and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
6   Federal Rules of Civil Procedure.

7        Accordingly,

8        **IT IS ORDERED** that the Complaint and this action are **DISMISSED** without
9   prejudice. Defendant's Motion to Dismiss (Doc. # 44) is **GRANTED** and the Clerk of Court
10  is directed to enter judgment accordingly.

11       DATED this 6th day of February, 2008.

*Earl H. Carroll* (signature)

               Earl H. Carroll
       United States District Judge